## No. 8736.

CHARLES H. LAWRENCE ET AL. VS. THE POLICE JURY OF PARISH OF JEFFERSON, RIGHT BANK.

<div style="margin">35 601 / 51 318</div>

In a suit to recover a lot of land by purchasers from one who had donated the land to the defendant, on the grounds:

That the act had not been accepted by the proper party; that the conditions of the donation had not been complied with, and the act had not been properly recorded, *held*:

That the donee was the Police Jury of the Parish of Jefferson, Right Bank; that the formal acceptance of the President of this body and the taking possession of the property and its continuous use by the donee, was a complete acceptance; that the building of a jail for the confinement of prisoners arrested in the parish fulfilled the condition of the the act, which was that the property should be used for parish purposes; that the omission to register the renunciation of the wife of the donor accompanying the donation did not invalidate the registry of the donation.

APPEAL from the Twenty-sixth District Court, Parish of Jefferson. *Hahn*, J.

---

*Chas. S. Rice* and *A. E. Billings* for Plaintiffs and Appellees:

1. The Parish of Jefferson having two Police Juries, the Police Jury for the Right Bank was without lawful authority to accept a donation of immovables made to the parish. C. C. 1549, 1540; Acts of 1858, p. 103; C. C. 1537.

2. The seat of justice for the Parish of Jefferson having been fixed by the parish authorities in 1874, the law positively prohibited its removal thereafter: hence the donation in question was necessarily inoperative. Rev. Stats. Section 2746; C. C. 1527, 2031. The prohibition is emphasized by Article 250 of the present State Constitution. An impossible condition attached to a donation renders the donation void. C. C. 2031.

3. The utter failure and the evident legal and pecuniary inability of the Parish of Jefferson to comply with the conditions of the donation, render it void. 2 An. 174.

4. The act of donation must be registered at length in the proper book or books in the office of the registrar. A certificate to the effect that such and such an act of donation was executed, and that the donor's wife renounced, is not enough to satisfy the law. 23 An. 533; 34 An. 313, 314; C. C. 1554, 1537; 20 An. 571; 26 An. 534; 22 An. 398.

5. The husband can make no conveyance, *inter vivos*, by gratuitous title, of the immovables of the community. C. C. 2404; 21 A. 217, 218.

76

*J. D. Coleman* and *S. S. Carlisle* for Defendant and Appellant:

The act of donation is in every respect complete. The donee is the Parish of Jefferson, Right Bank, and the acceptance is by the same authentic act as is the donation.

As against the donor and those holding under him registry is not necessary.   C. C. 1557.

With an executed donation, express acceptance is not necessary.   C. C. 1541.

The wife, who appears in a donation by the husband, and renounces her rights, is estopped from questioning either her own or her husband's act.   22 An. 398.

All parties in interest must be cited in an action to annul a contract of donation.   23 A. 398.

The recitative part or preamble of an act forms no part of the obligations of the donee, where the said obligations are specifically declared in the act.

An action to annul a donation for non-performance of potestative conditions is prescribed in five years.   C. C. 1566, 3542.

The opinion of the Court was delivered by

TODD, J.   The plaintiffs sue to recover a square of ground situated in the village of Mechanickham, Parish of Jefferson, described as square No. 8, and to annul a donation previously made of the property by one Dolhonde.

The plaintiffs allege that they acquired the square or lot by purchase from Dolhonde subsequently to the date of his donation.

The answer admits the donation and possession and use of the property by the donee, and denies that any cause for its revocation exists.

This answer was filed after the exceptions to the suit were overruled, which exceptions, under the conclusions we have reached touching the merits of the controversy, we deem it unnecessary further to notice.

The grounds relied on to annul or revoke the donation, as set forth in the petition, are substantially these:

1.   That the property has never been accepted by the donee.

2.   That the terms and conditions of the donation have never been fulfilled or complied with.

3.   That the act of donation was not properly registered.

*First.*   It is manifest, both from the act of donation and the declarations in the deed under which the plaintiffs claim, that the donation was made to the Police Jury of the Parish of Jefferson, Right Bank. The donation was formally accepted by the President of that body, and possession taken by the donee, and continued possession acknowledged by the allegations of the petition.   Such acceptance was complete.

*Second.*   The conditions, and the only ones declared in the act of donation, are the following, quoting:

" First.   That the land hereby donated shall not be used for any other purpose except those relating strictly to the use of the parish.

" Second.   That if, from any future causes or enactments, their use

as such be discontinued, then the ground and that only shall revert back to him, the said Pierre Leonce Dolhonde, or to his heirs, without any encumbrance whatsoever; or, in lieu thereof, the sum of two thousand dollars."

The evidence shows that a jail was erected on the lot, which was used for the purpose of confining or detaining prisoners, which destination and use of the lot was strictly for parish purposes and a compliance with the terms of the act. There was no obligation assumed in the act on the part of the Police Jury to erect a courthouse or to establish the seat of justice for the parish there.

The donor, in the years that elapsed after the donation, never complained to the Police Jury that the property was not being properly used or was not used as contemplated by the donation, and never required that it should be put to other uses.

The parol testimony to show other conditions beyond those expressed in the writing, or the opinions of the donor respecting the same, was improperly admitted; but this testimony does not establish the grounds for the revocation on which the plaintiffs rely.

*Third.* The donation was registered; the only omission charged in this respect relating to the renunciation of the donor's wife annexed to the act. This omission was wholly immaterial; and even the certificate of the wife's renunciation, which was recorded, was unnecessary.

We do not consider the point relating to the property donated being community property and the donor being without right to convey by gratuitous title only one undivided half of the lot, for the reason that, no such issue is raised by the pleadings and is urged only in argument.

We have carefully reviewed the whole evidence, and we find no ground whatever upon which plaintiffs can base a claim to recover the lot in question. Their claim is unfounded.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed, and it is now ordered, adjudged and decreed that the plaintiffs' demand be rejected at their costs in both Courts.